Karen L. O'Connor, OSB No. 953710
karen.oconnor@stoel.com
John B. Dudrey, OSB No. 083085
john.dudrey@stoel.com
Caroline J. Livett, OSB No. 151871
caroline.livett@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205-2584
Telephone:  503.224.3380
Facsimile:  503.220.2480

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

DANIEL WILSON,

        Plaintiff,

    v.

DECIBELS OF OREGON, INC., DENNIS
SNYDER, an individual, and LEO
BROWN, an individual,

        Defendants.

Case No.:  1:17-cv-01558-MC

ANSWER AND AFFIRMATIVE DEFENSES

In response to Plaintiff's First Amended Complaint ("Complaint"), Defendants Decibels

of Oregon, Inc. ("Decibels"), Dennis Snyder ("Snyder"), and Leo Brown ("Brown") (collectively

"Defendants") admit, deny, and allege as follows:

Page 1   -   ANSWER AND AFFIRMATIVE DEFENSES

## JURISDICTION AND VENUE

### 1.

Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's state of residence.  Defendants deny the remaining allegations in paragraph 1.

### 2.

Defendants admit the allegations in paragraph 2.

### 3.

Defendants admit the allegations in paragraph 3.

### 4.

Defendants admit the allegations in paragraph 4.

### 5.

In response to paragraph 5, Defendants admit that this Court has subject matter jurisdiction over Plaintiff's federal wage claims.

### 6.

 In response to paragraph 6, Defendants admit that this Court has supplemental jurisdiction over Plaintiff's state law wage claims.

### 7.

In response to paragraph 7, Defendants admit that venue is proper.

## FACTS COMMON TO ALL CLAIMS

### 8.

Defendants admit that Plaintiff was hired on or around April 21, 2014.

### 9.

Defendants admit that Plaintiff resigned on or around May 23, 2016.

### 10.

Defendants admit that Plaintiff worked as an installation technician, and that his job duties included installing cable and internet services.

 Page 2   -   ANSWER AND AFFIRMATIVE DEFENSES

11.

Paragraph 11 is a statement of law to which no response is required.  To the extent paragraph 11 purports to allege facts, Defendants admit that Decibels installs telecommunication services and makes use of interstate freeways and highways.

12.

In response to paragraph 12, Defendants admit that plaintiff's compensation included piece-rate pay.  Expect as expressly admitted, Defendants deny the allegations in paragraph 12.

13.

Paragraph 13 is a statement of law to which no response is required.

14.

Paragraph 14 is a statement of law to which no response is required.  To the extent paragraph 14 purports to allege facts, Defendants deny the allegations in paragraph 14.

15.

Paragraph 15 is a statement of law to which no response is required.  To the extent paragraph 15 purports to allege facts, Defendants admit that on June 8, 2017, plaintiff filed an opt-in form in the case of *Matthew Wilson v. Decibels of Oregon, Inc., et. al.*, 1:16-CV-00855-CL.  Except as expressly admitted, Defendants deny the allegations in paragraph 15.

16.

In response to paragraph 16, Defendants admit that on August 31, 2017, the court denied collective action certification in the case of Matthew Wilson v. Decibels of Oregon, Inc., et. al., 1:16-CV-00855-CL.

17.

In response to paragraph 17, Defendants admit that plaintiff filed his Complaint on October 2, 2017.  Except as expressly admitted, Defendants deny the allegations in paragraph 17.

/ / / / /

/ / / / /

Page 3   -   ANSWER AND AFFIRMATIVE DEFENSES

18.

Paragraph 18 is a statement of law to which no response is required.  To the extent paragraph 18 purports to allege facts, Defendants deny them.

**FACTS COMMON TO WAGE CLAIMS - POTENTIAL COLLECTIVE ACTION**

19.

In response to paragraph 19, Defendants admit that, at times during Plaintiff's employment with Decibels, Plaintiff worked more than 40 hours in a workweek.

20.

Paragraph 20 is a statement of law to which no response is required.  To the extent paragraph 20 contains or purports to allege facts, Defendants deny those facts.

21.

Paragraph 21 is a statement of law to which no response is required.  To the extent paragraph 21 contains or purports to allege facts, Defendants admit Decibels has a policy that states that installation technicians need to arrive at the dispatch office at 7:15 AM each work day. Except as expressly admitted, Defendants deny the allegations in paragraph 21.

22.

In response to paragraph 22, Defendants admit that Plaintiff's first installation job generally did not start until 8:00 or 8:15 AM in the morning.  Except as expressly admitted, Defendants deny the allegations in paragraph 22.

23.

Defendants deny the allegations in paragraph 23.

24.

Defendants deny the allegations in paragraph 24.

25.

Defendants deny the allegations in paragraph 25.

26.

Defendants deny the allegations in paragraph 26.

27.

Defendants deny the allegations in paragraph 27.

28.

Defendants deny the allegations in paragraph 28.

29.

Defendants deny the allegations in paragraph 29.

30.

Defendants deny the allegations in paragraph 30.

31.

Defendants admit the allegations in paragraph 31.

32.

Defendants admit the allegations in paragraph 32.

33.

Defendants admit the allegations in paragraph 33.

34.

In response to paragraph 34, Defendants admit that technicians were instructed to fill out and submit a time card if they spent time on an installation job that was not completed, and that technicians were paid an hourly rate for time that was properly recorded on their time cards. Except as expressly admitted, Defendants deny the allegations in paragraph 34.

35.

In response to paragraph 35, Defendants admit that technicians were instructed to fill out and submit a time card if they spent time in meetings, and that technicians were paid an hourly rate for time that was properly recorded on their time cards. Except as expressly admitted, Defendants deny the allegations in paragraph 35.

Page 5    -    ANSWER AND AFFIRMATIVE DEFENSES

36.

In response to paragraph 36, Defendants admit that technicians used software which provided information regarding various statuses during the work day, such as when they were logged onto the system.  Defendants further state that the different statuses were dependent on the technicians providing timely and accurate information and input. Except as expressly admitted, Defendants deny the allegations in paragraph 36.

37.

Defendants deny the allegations in paragraph 37.

38.

Defendants deny the allegations in paragraph 38.

39.

Defendants deny the allegations in paragraph 39.

40.

Defendants deny the allegations in paragraph 40.

41.

In response to paragraph 41, Defendants admit that technicians were instructed to contact the dispatch office after completing their last installation job of the day.  Except as expressly admitted, Defendants deny the allegations in paragraph 41.

42.

Defendants deny the allegations in paragraph 42.

43.

In response to paragraph 43, Defendants state that they maintained various business records regarding work performed by technicians and hours worked.  Except as expressly admitted, Defendants deny the allegations in paragraph 43.

44.

Defendants deny the allegations in paragraph 44.

45.

Paragraph 45 is a statement of law to which no response is required.  To the extent paragraph 45 purports to allege facts, Defendants deny them.

46.

Defendants deny the allegations in paragraph 46.

47.

In response to paragraph 47, Defendants admit that technicians sometimes worked six days per week.

48.

Defendants deny the allegations in paragraph 48.

49.

Paragraph 49 is a statement of law to which no response is required.  To the extent paragraph 49 contains or purports to allege facts, Defendants deny them.

50.

Paragraph 50 is a statement of law to which no response is required.  To the extent paragraph 50 purports to allege facts, Defendants admit that on June 8, 2017, plaintiff filed an opt-in form in the case of *Matthew Wilson v. Decibels of Oregon, Inc*., et. al., 1:16-CV-00855-CL.  Except as expressly admitted, Defendants deny the allegations in paragraph 50.

51.

Defendants deny the allegations in paragraph 51.

**PLAINTIFF SEEKS TO REPRESENT ALL EMPLOYEES COLLECTIVELY**

52.

To the extent paragraph 52 purports to allege facts, Defendants deny them.

53.

To the extent paragraph 53 purports to allege facts, Defendants deny them.

54.

To the extent paragraph 54 purports to allege facts, Defendants deny them.

55.

Paragraph 55 is a statement of law to which no response is required.

56.

Paragraph 56 is a statement of law to which no response is required.

57.

Defendants deny the allegations in paragraph 57.

58.

In response to paragraph 58, Defendants admit that Plaintiff's compensation included piece-rate pay and that Plaintiff was not exempt from receiving overtime under the Fair Labor Standards Act.

59.

Defendants deny the allegations in paragraph 59.

60.

Defendants deny the allegations in paragraph 60.

61.

Defendants deny the allegations in paragraph 61.

62.

Defendants deny the allegations in paragraph 62.

63.

Defendants deny the allegations in paragraph 63.

64.

Defendants deny the allegations in paragraph 64.

Page 8    -    ANSWER AND AFFIRMATIVE DEFENSES

**PLAINTIFF'S CLAIMS FOR RELIEF**

65.

In response to paragraph 65, which incorporates prior paragraphs, Defendants reallege and incorporate their responses to paragraphs 1 through 64, as set forth above.

66.

Defendants deny the allegations in paragraph 66.

67.

Defendants deny the allegations in paragraph 67.

68.

Defendants deny the allegations in paragraph 68.

69.

Defendants deny the allegations in paragraph 69.

70.

Defendants deny the allegations in paragraph 70.

71.

Defendants deny the allegations in paragraph 71.

72.

Except as expressly admitted above, Defendants deny all of the allegations in Plaintiff's First Amended Complaint and the whole thereof.

**AFFIRMATIVE DEFENSES**

Without assuming Plaintiff's burden of proof as to any claim or issue, Defendants assert the following affirmative defenses, specifically reserving the right to amend this Answer and raise additional Affirmative Defenses as the case proceeds:

/ / / / /

/ / / / /

/ / / / /

Page 9    -    ANSWER AND AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

73.

Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

74.

One or more of the claims in Plaintiff's First Amended Complaint is outside the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (De Minimis Exception)

75.

Plaintiff seeks compensation for time that is excluded from the hours worked calculation under the de minimis exception.

## FOURTH AFFIRMATIVE DEFENSE

### (All Wages Paid)

76.

Defendants timely paid Plaintiff all wages due and owing.

## FIFTH AFFIRMATIVE DEFENSE

### (Collateral Estoppel; Res Judicata)

77.

Plaintiff is precluded from bringing a collective action under the Fair Labor Standards Act on grounds of collateral estoppel, res judicata, and/or principles of comity.

/ / / / /

/ / / / /

Page 10   -   ANSWER AND AFFIRMATIVE DEFENSES

WHEREFORE, defendant prays for judgment as follows:

(1)    Dismissing all of Plaintiff's claims with prejudice;

(2)    Awarding Defendants their costs, disbursements, and attorneys' fees in defending this action; and

(3)    For such other relief as deemed just and equitable.

DATED:  March 12, 2018.

STOEL RIVES LLP

_s/ Caroline J. Livett_

KAREN L. O'CONNOR, OSB No. 953710
karen.oconnor@stoel.com
JOHN B. DUDREY, OSB No. 083085
john.dudrey@stoel.com
CAROLINE J. LIVETT, OSB No. 151871
caroline.livett@stoel.com
Telephone:  503.224.3380

Attorneys for Defendants