IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| DANIEL WILSON, | Civ. No. 1:17-cv-01558-MC |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| DECIBELS OF OREGON, INC.; DENNIS SNYDER; LEO BROWN, | |
| Defendants. | |
| | |
| RYAN HEMMING, | Civ. No. 1:17-cv-01624-MC |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| DECIBELS OF OREGON, INC.; DENNIS SNYDER; LEO BROWN, | |
| Defendants. | |

McSHANE, District Judge.

This matter comes before the Court on Motions for Attorney Fees and Costs filed in *Wilson v. Decibels of Oregon et al.*, Case No. 1:17-cv-01558-MC (the "*Wilson* case,"), ECF No. 39, and *Hemming v. Decibels of Oregon, Inc.*, Case No. 1:17-cv-01624-MC (the "*Hemming* case,"), ECF No. 41. Although these cases were filed separately, they involve the same Defendants, the same counsel, and present identical arguments. The Court concludes that the issue of attorney fees and costs is appropriately resolved in a consolidated Opinion and Order to

be entered in each case. The Court further concludes that this issue is appropriate for resolution without oral argument. Plaintiffs' Motions are GRANTED in part and DENIED in part.

## BACKGROUND

### I.  The *Matthew Wilson* Case

Both Hemming and Wilson sought to join an earlier Fair Labor Standards Act ("FLSA") collective action, *Matthew Wilson v. Decibels of Oregon, Inc. et al.*, Case No. 1:16-cv-00855-CL (the "*Matthew Wilson* case,"), as opt-in plaintiffs. The *Matthew Wilson* case involved the same attorneys as the present case and, with the exception of Leo Brown, was directed against the same defendants as the present case. Magistrate Judge Clarke recommended that the motion to certify a collective action class in the *Matthew Wilson* be denied and this Court adopted that recommendation, over objections. Wilson and Hemming filed their own cases shortly after the denial of certification, as discussed below.

The *Matthew Wilson* case was set for trial on May 22, 2018. On April 16, 2018, the *Matthew Wilson* plaintiff accepted an offer of judgment and judgment was entered on April 24, 2018. On August 14, 2018, Judge Clarke granted in part and denied in part the *Matthew Wilson* plaintiff's motion for attorney fees.

### II.  Procedural History

The *Wilson* case was filed on October 2, 2017, and the *Hemming* case was filed shortly afterwards on October 15, 2017. Both cases alleged claims for unpaid overtime under the federal Fair Labor Standard Act ("FLSA") and Oregon overtime statutes, ORS 653.055 and ORS 652.150. Litigation in both cases followed identical courses.

Defendants filed partial motions to dismiss in December 2017, which the Court granted in part and denied part. Amended Complaints were filed in February 2018. Defendants filed

partial motions for summary judgment in each case in September 2018, which the Court granted in part and denied in part on January 31, 2019.

Discovery issues were submitted informally, according to the practice of this Court, and resolved in Defendants' favor by minute order on June 15, 2018. Plaintiffs then filed motions to compel in each case on January 18, 2019, which the Court denied on May 20, 2019.

On July 17, 2019, Hemming accepted an offer of judgment for $15,000 and Wilson accepted an offer of judgment for $12,500, "plus reasonable attorney fees and costs incurred as of the date of the this Offer as determined by the Court pursuant to FRCP 54(d)." The offers of judgment were dated July 3, 2019. Final judgment was entered in both cases on August 1, 2019. These motions for attorney fees and costs followed.

## LEGAL STANDARDS

The Ninth Circuit has adopted the "lodestar" method for calculating attorney fees. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). That calculation multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986). The court must then decide whether to enhance or reduce the lodestar figure by evaluating a number of factors. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

The court may adjust the lodestar to account for factors such as: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results

obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Actors Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). The court need only consider the factors not already subsumed in the initial lodestar calculation. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).

There is a strong presumption that the lodestar method produces a reasonable figure and should only be enhanced or reduced in exceptional circumstances. *Fischer*, 214 F.3d at 1119 n.4. Courts have discretion, however, to adjust the lodestar figure either: (1) downward if the plaintiff has achieved only partial or limited success or if the fee is otherwise unreasonable, *Hensley*, 461 U.S. at 435-36, or (2) upward in "rare" and "exceptional" cases. *Del. Valley Citizens*, 478 U.S. at 565.

## DISCUSSION

Plaintiffs seek an attorney fee award of $95,540.00 for both cases, plus additional fees for litigating the present motions. As discussed in the preceding section, the litigation of these cases and the *Matthew Wilson* case overlapped substantially. Given the close similarity between the *Matthew Wilson* case and the *Wilson* and *Hemming* cases, and the fact that the cases involved the same attorneys, the Court considered Judge Clarke's Opinion and Order on attorney fees to be especially persuasive in considering the present motions. The Court notes, however, that the *Matthew Wilson* case was resolved practically on the eve of trial after considerable discovery, depositions, and motions practice. The *Wilson* and *Hemming* cases were resolved much earlier. There have been no depositions in these cases and only limited motions practice.

Defendants acknowledge that Plaintiffs are entitled to fees and costs, but object to both the rate charged by Plaintiffs' counsel and the hours expended in these cases.

I.   Attorney Fees

A.  Reasonable Hourly Rate

A reasonable hourly rate is determined by looking at "prevailing market rates in the relevant community," as well as the skill, experience, and reputation of the lawyer. *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *United States v. $28,000 in U.S. Currency*, 802 F.3d 1100, 1105 (9th Cir. 2015). The party requesting the fees has the burden of producing "satisfactory evidence," in addition to the affidavits of counsel, that the requested rates are in step with those "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005) (internal quotation marks and citation omitted). The best evidence of the prevailing rates in Oregon is the Oregon State Bar Economic Survey, most recently issued in 2017. LR 54-3; *Roberts v. Interstate Distrib. Co.*, 242 F. Supp.2d 850, 857 (D. Or. 2002); *Mumford v. Electric Inst., Inc.*, Case No. 3:15-cv-00375-AC, 2016 WL 8711693, at *2 (D. Or. April 29, 2016).

1.  Quinn Kuranz

Plaintiffs' counsel Quinn Kuranz claims a rate of $360 per hour. Kuranz specializes in employment law and has been admitted to practice since 2011. In the *Matthew Wilson* attorney fee decision, Judge Clarke determined that the Portland rates were an appropriate starting point for assessing the reasonableness of Kuranz's rates, rather than the southern Oregon rates, and the Court adopts that reasoning. Judge Clarke approved a rate of $300 for Kuranz and, given the substantial overlap between the *Matthew Wilson* case and the present cases, and the fact that the decision was issued barely a year ago, the Court finds Judge Clarke's reasoning persuasive.[1] The

---

[1] Plaintiffs attempt to argue that any challenge to the use of Portland attorney rates for Kuranz or for Arnett's rate in general are barred by issue preclusion based on the fee award in *Matthew Wilson*, while simultaneously arguing that Kuranz and Arnett should be awarded higher rates than those awarded by Judge Clarke. This line of argument is not well-taken and borders on frivolous. "The issue of reasonable rates is too case-specific to have been 'actually

Court notes that $300 is slightly above the median rate ($280) and mean rate ($282) for attorneys with seven to nine years of experience in the Portland area. The Court further notes that $300 represents the 75th percentile for Oregon attorneys with the same level of experience. Accordingly, the Court concludes that $300 is reasonable rate for Kuranz.

### 2. Bonnie Allen-Sailer

Plaintiffs hired attorney Bonnie Allen-Sailer to assist in the completion of Plaintiffs' motions to compel. Plaintiffs seek a rate of $300 per hour for Allen-Sailer. Allen-Sailer has been in practice since 2014. Kuranz Decl. Ex. 12. The mean rate for a Portland attorney with Allen-Sailor's experience is $249 with a median rate of $250. Statewide, $257 represents the 75th percentile for Oregon attorneys with the same level of experience. The Court finds that $250 is a reasonable hourly rate for Allen-Sailer.

### 3. Paralegal Fees

Kuranz was assisted by paralegal Kathryn Arnett and "legal assistant/law clerks" Clara Toso and Christina Montes. Plaintiffs seek to recover fees for the work performed by all three at a rate of $110. Defendants contend that, to the extent the fees are recoverable at all, they should be billed at $20 per hour.

The Oregon State Bar Economic Survey does not include information about hourly rates charged by paralegals in Oregon. In assessing claims for paralegal fees, courts within this District have noted that "a reasonable hourly rate for a paralegal should not exceed that of a first year associate." *Precision Seed Cleaners v. Country Mut. Ins. Co.*, 976 F. Supp.2d 1228, 1248 (D. Or. 2013). That determination is not the end of the inquiry, however, as "the attorney hourly

---

litigated and determined,' even in a very similar case." *League of Wilderness Defenders/Blue Mountain Biodiversity Project v. Turner*, 305 F. Supp.3d 1156, 1166 (D. Or. 2018). The Court considers Judge Clarke's attorney fee opinion in the *Matthew Wilson* case for its persuasive value, but it is not—and cannot be—bound by Judge Clarke's determinations.

rate is used as a ceiling and is not by itself determinative of a reasonable hourly rate." *Id.* at 1249. Courts look closely at the educational and occupational background of the paralegal in question when crafting a reasonable rate. *Id.*

In *Precision Seed Cleaners*, the court declined to award a paralegal fee rate of $170, finding it unreasonably high. 976 F. Supp.2d at 1249. Instead, the court awarded a rate of $125 to a paralegal with a certification and ten years of experience as a paralegal and a rate of $115 to a paralegal with a degree in paralegal studies and an unknown number of years of experience. *Id.* at 1248-49. In examining the claims of the other paralegals, the court noted that none of them had any education or experience as a paralegal, although some had bachelor's degrees or experience working as legal assistants. *Id.* at 1249. Under those circumstances, the court found a rate of $50 per hour to be reasonable. *Id.*

In the *Matthew Wilson* case, Judge Clarke found that Arnett's paralegal work was recoverable at a rate of $90 per hour based on her education and qualifications. The Court adopts that reasoning and finds the same $90 rate to be reasonable with respect to Arnett. The Court will assess whether the hours claimed for Arnett are reasonable in the following sections.

With respect to Toso and Montes, courts in this District are divided as to whether to award fees for work perform by legal assistants. *Compare, Aichele v. Blue Elephant Holdings, LLC*, 3:16-cv-02204-BR, 2018 WL 2357533, at * 5 (D. Or. May 24, 2018) ("The Court has not found any report that reflects hourly billing for legal assistants (as opposed to paralegals)" and declining to award any fees for legal assistant work); *with Kulpala v. Delgoda*, 3:15-cv-01890-BR, 2016 WL 1618285, at *1 (D. Or. April 21, 2016) (noting that "attorneys' fee awards permitted by statute frequently compensate for work performed by law clerks and legal assistants," as a matter of efficiency). The Court has reviewed the record and concludes that, to

the extent Toso and Montes performed recoverable work, that those hours are properly billable at $90 per hour.

   B. **Reasonable Hours**

Plaintiffs seek 136.10 hours for Kuranz in these cases up to July 3, 2019, with an additional 26.5 hours spent preparing the attorney fee motion. Kuranz Decl. at 5. Plaintiffs also seek 12.3 hours for Allen-Sailer, for time spent on the motions to compel. *Id.* at 6. Plaintiffs seek 262 hours of paralegal time for Arnett, and 32.4 hours of legal assistant/law clerk time for Toso and Montes. *Id.* at 7-8.

In accounting for his hours on these cases, Kuranz affirms that he billed most of the time to the *Hemming* case, but that "this time was spent working in pursuit of both cases as they were for the most part identical." Kuranz Decl. at 5. "[A]ll motions practice and discovery requests were identical for both plaintiffs," and Kuranz affirms that none of the time was double billed. *Id.* The Court therefore considers the reasonableness of the hours taken together.

   1. **Offer of Judgment**

On July 3, 2019, Defendants made an offer of judgment in each of the cases, which Plaintiffs accepted on July 17, 2019. In their opening paragraphs, the offers of judgment state that, pursuant to Federal Rule of Civil Procedure 68, Defendants offered to allow judgment to be taken against them in a specified amount "plus reasonable attorney fees and costs incurred as of the date of this Offer as determined by the Court pursuant to FRCP 54(d)."

Defendants argue that by the plain terms of the offer of judgment, Plaintiffs cannot recover any costs or attorney fees incurred after July 3, 2019. The most significant effect of such a limitation would be to prevent Plaintiffs' counsel from recovering fees for litigating the present motions.

Plaintiffs, relying on *Haworth v. Nevada*, 56 F.3d 1048 (9th Cir. 1995), argue that they cannot be prevented from recovering attorney fees after an offer of judgment pursuant to Rule 68. This mischaracterizes the holding of *Haworth*, which dealt with the interaction between the fee-shifting provisions of the FLSA and Rule 68(d), which provides that if an offer of judgment is declined and the plaintiff receives a judgment that is less favorable than the offer, the "offeree must pay the costs incurred after the offer of judgment." Fed. R. Civ. P. 68(d); *Haworth*, 56 F.3d at 1051-52. This is obviously distinguishable from the present cases, in which the Plaintiffs accepted offers of judgment that explicitly cut off the accrual of additional fees and costs.

This case is more analogous to *Guerrero v. Cummings*, 70 F.3d 1111 (9th Cir. 1995). The *Guerrero* plaintiffs accepted an offer of judgment that, like the offers in the present cases, limited fees and costs to those accrued before the date of the offer. *Id.* at 1112-13. Although the civil rights statute in *Guerrero*, like the FLSA, generally allows that time spent establishing entitlement to an amount of fees is compensable, "a settlement offer may be conditioned upon the waiver of such fees." *Id.* at 1113. "Accepting such an offer constitutes waiver, but only if the waiver is clear and unambiguous." *Id.* (internal quotation marks and citations omitted). The usual rules of contract construction apply when interpreting the terms of an offer. *Id.*

Plaintiffs attempt to argue that the offers only provided a limitation on costs accrued after July 3, and not on attorney fees accrued after that date. The language of the offers does not support such an absurd construction, nor do the offers' reference to Rule 54(d), which deals with both costs *and* attorney fees. In assessing language almost identical to the present cases, the Ninth Circuit concluded: "We see nothing ambiguous in these offers. By their own terms, the offers explicitly limit fees and costs to those *'incurred by this plaintiff prior to the date of this offer* in an amount to be set by the court.' It is the reasonableness of those fees only—*i.e.*, fees

incurred before the offers—that may be left to the court to determine." *Guerrero*, 70 F.3d at 1113 (emphasis in original, internal parenthetical omitted)*; see also Flores v. Fergiss, Inc.*, No. 3:13-CV-01480-KI, 2014 WL 1123638, at *2 (D. Or. Mar. 20, 2014) (applying *Guerrero* to limit post-offer fees in an FLSA case); *Sanchez v. Fergiss, Inc.*, No. 3:13-CV-01481-KI, 2014 WL 1123646, at *2 (D. Or. Mar. 20, 2014) (holding same).

That is precisely the situation presented here. Plaintiffs accepted offers of judgment that, like the offers in *Guerrero*, *Flores*, and *Sanchez*, plainly and expressly limited fees to those accrued before the date of the offer.[2] Despite Plaintiffs' arguments to the contrary, there was no ambiguity in the language of the offers of judgment and the Court finds no other cause to deviate from the plain terms of the parties' agreements. Accordingly, the Court excludes all hours accrued after July 3, 2019, from the lodestar calculation. This will eliminate 26.5 hours claims for Kuranz and 4.5 hours for Montes in the original fee motion. O'Connor Decl. Ex. E; Kuranz Decl. Ex. 1, Ex. 13. It will also eliminate all hours claimed for the further litigation of these attorney fee motions from consideration.

### 2. Clerical Tasks

The Court has reviewed the exhibits and some of the hours claimed by Kuranz and Montes were spent on clerical tasks. O'Connor Decl. Ex. E; Kuranz Decl. Ex. 1, Ex. 13. "Costs associated with clerical tasks are typically considered overhead expenses reflected in an attorney's hourly billing rate, and are not properly reimbursable." *Lemus v. Timberland Apartments, LLC*, 876 F. Supp.2d 1169, 1179 (D. Or. 2012). This includes tasks such as

---

[2] In the *Matthew Wilson* case, by contrast, the offer of judgment included "reasonable attorney fees and costs as determined by the Court pursuant to FRCP 54(d)," with no limitation concerning post-offer fees except in the event the offer was rejected and the plaintiff subsequently achieved a less favorable judgment. The *Matthew Wilson* plaintiff was therefore free to pursue fees-on-fees.

calendaring, scheduling, and docketing.  *Id.*    The Court excludes 0.8 hours for Kuranz and 2.8 hours for Montes from the lodestar calculation for time spent on clerical tasks.

### 3. Time Spent on Unsuccessful Motions

The Court must determine the number of hours reasonably expended in furtherance of the successful aspects of the litigation.  *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986).  As previously noted, Plaintiffs filed motions to compel in these cases, which this Court denied.  In addition to being unsuccessful, the motions were also unnecessary, as the Court had previously resolved discovery disputes in these cases on an informal basis in an effort to control the costs of discovery.  Indeed, the Court's orders of denial reference the fact that the motions to compel sought to revisit issues raised and resolved in the Court's earlier discovery order.  The Court concludes that the hours expended on the unsuccessful motions to compel were not reasonably incurred and declines to include those hours in the lodestar calculation.  This eliminates 15.9 hours for Kuranz and 12.3 hours for Allen-Sailer.

Defendants seek to exclude all time spent contacting potential opt-in plaintiffs for a collective action under the FLSA.  Although the cases settled and no such collective actions were ever filed, potential opt-in plaintiffs might also conceivably have served as fact witnesses in support of Plaintiffs' claims.  The Court therefore declines to reduce the hours claimed for contacting those witnesses.

### 4. Duplicative, Redundant, or Excessive Hours

Fees may be reduced for expenses that appear excessive, redundant, or otherwise unnecessary in light of the tasks performed.  *Hensley*, 461 U.S. at 434. Defendants have raised a number of specific objections, which the Court resolves as follows:

On December 22, 2017, Kuranz billed 4.2 hours for editing subpoenas and discovery requests. Kuranz Decl. Ex. 1. The Court concludes this is duplicative of over ten hours spent by Toso on the same documents, Kuranz Decl. Ex. 13, and therefore excludes 4.2 hours for Kuranz.

On May 25, 2018, Kuranz billed 2.5 hours for drafting a two-page letter. Kuranz Decl. Ex. 1; O'Connor Decl. Ex. F. This is plainly excessive and the Court excludes 1.0 hour for Kuranz.

Between October 2 and October 4, 2018, Kuranz billed 25.2 hours responding to Defendants' motions for summary judgment. Kuranz Decl. Ex. 1. This includes over 18 hours billed on October 4, 2018, which strains credibility. In Plaintiffs' Reply, Kuranz explains that this was due to a "glitch" in the billing software in which hours expended on October 5 were mistakenly billed to October 4. The Court declines to reduce the total hours in this instance.

Between September 11, 2018, and October 31, 2018, Kuranz billed 3.6 hours for preparing a scheduling order. Kuranz Decl. Ex. 1. This is excessive and the Court reduces Kuranz's hours by 2.6.

Concerning the work performed by Arnett, Plaintiffs seek to recover for 262 hours, most of which was spent reviewing the timecards and emails for Plaintiffs to identify "gap times" in their schedules and to calculate unpaid overtime. Kuranz Decl. Many of Arnett's billing entries are for large blocks of time, often between 7 and 8 hours, billed to tasks like "Preparing Hemming Wage Calculation spreadsheet" and "Prepare Hemming Gap & Lunch Accountability Sheet." Kuranz Decl. Ex. 2. Kuranz affirms that the result of Arnett's work would have been used as an exhibit at trial or in support of a dispositive motion. Upon review, the Court is convinced that 262 hours is an excessive amount of time for two interrelated and relatively straightforward wage disputes. *See Kardell v. Lane Cnty.*, Case No. 6:13-cv-736-MC, 2019 WL

3337901, at *5-7 (D. Or. July 25, 2019) (reducing excessive hours claimed in a "garden variety employment discrimination case" in which the issues "were neither complex, nor novel."). The Court therefore reduces Arnett's hours by 25% or 65.5 hours.

Defendants' objections are otherwise overruled. In total, the Court reduces Kuranz's hours by 7.8 and Arnett's hours by 65.5 for hours that are duplicative, excessive, or otherwise unnecessary. The Court declines to reduce fees based on lack of success.

Once all the exclusions are made, the Court finds that Kuranz reasonably expended 111.6 hours in these two cases at a reasonable hourly rate of $300, for a total attorney fee award of $33,480. All hours expended by Allen-Sailer have been excluded, as they were spent on unsuccessful and unnecessary motions to compel. Arnett reasonably expended 196.5 hours in these two cases at a reasonable hourly rate of $90, for a total paralegal fee award of $17,685. Toso and Montes reasonably expended 25.1 hours at a reasonable hourly rate of $90, for a total legal assistant/law clerk fee award of $2,259.

Plaintiffs are entitled to a total attorney fee award of $53,424 divided between the two cases.

## II. Costs

Plaintiffs seek an award of costs pursuant to 28 U.S.C. § 1920 for filing fees and service costs in the two cases. Defendants do not object to Plaintiffs' costs and the Court finds that the costs are appropriately recoverable. The Court therefore awards Plaintiffs' full costs in the amount of $465 in each case for a total award of $930 in costs.

## CONCLUSION

Plaintiffs' Motions for Fees and Costs, ECF No. 39 in *Wilson v. Decibels et al.*, 1:17-cv-1558-MC, and ECF No. 41 in *Hemming v. Decibels et al.*, 1:17-cv-1624-MC, are GRANTED in

part and DENIED in part. Plaintiffs are awarded $53,424 in attorney and paralegal fees and costs in the amount of $930 divided equally between the two cases.

It is so ORDERED and DATED this 22nd day of November, 2019.

                                                s/Michael J. McShane
                                       MICHAEL McSHANE
                                       United States District Judge